IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Richard K. Grimmett, | ) |
|           Plaintiff, | ) C/A No. 8:12-2414-TMC |
| v. | ) **OPINION & ORDER** |
| Deputy Robert P. Hamilton; Deputy Mike Claytor; Deputy Teresa Ammons; Lt. Robert Dennis; Major Danny Gillam; and Sheriff James Lee Foster, | ) |
|           Defendants. | ) |

Plaintiff filed this action pursuant to 42 U.S.C. §1983. This matter is before the court on Defendants' Motions to Strike (ECF No. 15) and for Summary Judgment (ECF No. 16). Plaintiff Richard K. Grimmett ("Plaintiff") filed responses opposing the motions. (ECF Nos. 20 and 21). For the reasons set forth below, Defendants' Motion to Strike is granted and Defendants' Motion for Summary Judgment is denied.

**I. Background/Procedural History**

In November 2011, Defendants Newberry County Sheriff Deputies Robert P. Hamilton and Michael Claytor responded to a call at Plaintiff's residence involving Plaintiff, Grace Hoskins, and Hoskins' daughter and son-in-law, Antonio Pineda. Plaintiff alleges that, without asking any questions, the Deputies seized several of his firearms and arrested Plaintiff for criminal domestic violence. (Compl. ¶ 7). Plaintiff alleges an hour later Deputy Hamilton returned and arrested Pineda for assault and battery. *Id*. Subsequently, Grace Hoskins was charged with credit card fraud regarding Plaintiff's credit cards. Ultimately, the charges against both Plaintiff and Grace Hoskins were dismissed with prejudice. In his Complaint, Plaintiff

further alleges that while he was detained at the Newberry County Detention Center, the Defendants laughed at him and refused to allow him to use the phone depriving him of his constitutional right to an attorney. (Compl. ¶ 9).

Plaintiff alleges eight causes of action involving violations of his constitutional rights based upon his allegations that he was falsely arrested without probable cause and the seizure of his firearms without a search warrant. Plaintiff additionally sets forth a claim of slander based upon his arrest, and a claim of abuse of process based upon his allegations that he was coerced into dismissing the credit card fraud charges against Grace Hoskins.

## II. Applicable Law

Summary judgment is appropriate if, after reviewing the entire record, the court is satisfied that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Fed.R.Civ. P. 56 (a). All of the evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). The party moving for summary judgment bears the burden of demonstrating that absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If this initial burden is net, the opposing party may not rest on the mere allegations in the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Induc. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson v. Liberty Lobby*, 477 U.S. at 248. An issue of fact is "material" only if establishment of that fact might affect the outcome of the lawsuit under the governing substantive law. *Id*.

## III. Discussion

### A. Summary Judgment Motion

In their summary judgment motion, Defendants contend that they are entitled to summary judgment based upon the following grounds: 1) Eleventh Amendment immunity; 2) qualified immunity; 3) the Defendants are not persons subject to suit under §1983; 4) Plaintiff should be estopped from bringing this action based upon his voluntary dismissal of the criminal charges; and 5) Plaintiff's claims are barred by the South Carolina Torts Claim Act ("SCTCA"). The court discusses each of Defendants' grounds for summary judgment below.

#### 1. Eleventh Amendment Immunity

Defendants argue that, as state officers, they are entitled to Eleventh Amendment immunity. In response, Plaintiff contends that he has sued Defendants only in their individual capacities.

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). A suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. *Id.* If review of the pleadings indicates that the state is, in fact, the real party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment.

Here, reviewing the Complaint, the court finds that Plaintiff is not attempting to sue the state and Plaintiff has further clarified in his response that he is suing Defendants only in their individual capacities. Accordingly, Defendants are not entitled to summary judgment based upon Eleventh Amendment immunity.

## 2. Qualified Immunity

Defendants argue that they are entitled to qualified immunity because their acts were not clearly violative of Plaintiff's rights. Defendants contend that they exercised their authorized discretion in arresting Plaintiff and seizing his firearms after determining probable cause existed.

The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity. Government officials performing discretionary functions generally are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id*. at 818. "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level but at the level of its application to the specific conduct being challenged." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992). Additionally, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir.1992). Accordingly, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity. *Wiley v. Doory,* 14 F.3d 993, 995 (4th Cir.1994) (internal citations omitted). Considered in the light most favorable to Plaintiff, the question then is whether the evidence is sufficient to give rise to a genuine issue of fact as to whether Defendants' conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known and whether their conduct was unlawful in the situation they confronted. *See Cloaninger v. McDevitt,* 555 F.3d 324, 331 (4th Cir. 2009).

Defendants contend that the evidence and the allegations in the Complaint clearly establish that a domestic dispute had occurred and Defendants after determining probable cause existed, exercised their authorized discretion in arresting Plaintiff and seizing his firearms. The

court agree that the allegations in the Complaint are that a domestic dispute had occurred. However, in the Complaint, Plaintiff alleges that *he* was the victim and had been assaulted by Pineda, Grace Hoskins, and Ashley Pineda. (Compl. ¶ 5). He further alleges that he received numerous bruises, scratches, and lacerations and had bloody hands. *Id*. Plaintiff alleges that he told Defendant Hamilton that "they were beating him up." (Compl. ¶ 7). Plaintiff alleges Defendants violated his constitutional rights by arresting him without probable cause. Further, he alleges his rights were violated when he was not allowed to make a phone call. (Compl. ¶ 9).

There is no question that at the time of this incident, the right to be free from seizures and arrest without probable cause was clearly established. Therefore, the court must determine whether the facts, taken in the light most favorable to Plaintiff, indicate that a "police officer acting under the circumstances at issue reasonably could have believed that he had probable cause to arrest" Plaintiff. *Sevigny v. Dicksey*, 846 F.2d 953, 956 (4th Cir. 1988). The court finds that Defendants have not carried their initial burden of demonstrating that there is not a genuine issue of material fact as to whether Defendants violated Plaintiff's constitutional rights. Defendants did not file any evidence or affidavits from any Defendant in support of their motion for summary judgment.[1] And Defendants' conclusory statements are insufficient to entitle them to summary judgment on the ground of qualified immunity.

### 3. Defendants Not Persons Subject to Suit Under ¶1983

Defendants contend that they are not persons subject to suit under § 1983. Plaintiff disagrees and notes that he is not challenging state policy or actions. Rather, he argues, he is alleging that his injuries were inflicted by individual persons, Defendants.

---

[1] Defendants attached one affidavit to their memorandum supporting their summary judgment motion - from Plaintiff, in which he stated that he was the victim in the case of *The State v. Grave Hoskins*, and he agreed to a dismissal with prejudice of the charges against Grace Hoskins. (ECF No. 19-1).

It is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under 1983," and therefore are not subject to suit. *Will v. Michigan Dep't of State Police*, 491 U.S. at 71 (internal citation omitted)(holding suit against a state official in his official capacity "is no different from a suit against the State itself"). However, as noted above, Plaintiff is not suing Defendants in their official capacities. Accordingly, Defendants are properly considered persons subject to suit under § 1983.

**4. Estoppel**

Defendants contend that Plaintiff should be estopped from filing this action because he forfeited his rights based upon his agreement to criminal charges being voluntarily dismissed. Defendants reference an affidavit signed by Plaintiff in which he agreed to a dismissal with prejudice of the charges against Grace Hoskins. (ECF No. 19-1). Apparently, Defendants have misconstrued the affidavit as being an agreement to the voluntary dismissal of charges against Plaintiff. Accordingly, Defendants are not entitled to summary judgment on this ground.

**5. SCTCA**

Defendants contend that Plaintiff's pendant state claims are barred under the SCTCA. Plaintiff contends that he is not bringing a claim pursuant to the SCTCA. However, while Plaintiff has not specifically alleged a claim pursuant to the SCTCA, Plaintiff has alleged a claim for slander, which could implicate the SCTCA.

The SCTCA applies to tort claims asserted against public officials or the State or local governments in South Carolina. *See* S.C. Code Ann. §§15-78-20 and -30. When a plaintiff sues a government employee, the agency must be substituted as the proper defendant if the defendants were acting within the scope of their official duties. *See* S.C. Code §§ 15-78-60 and -70.

However, the SCTCA does not grant an employee immunity from suit if his conduct was not within the official scope of his employment, or he acts with actual malice, or has an intent to

harm. *See McCall v. Williams*, 52 F.Supp.2d 611, 615 (D.S.C. 1999). Defendants contend that the evidence of record and the Complaint clearly establish that the Defendants were acting within the course and scope of their official duties. In his Complaint, Plaintiff specifically alleges that the Defendants willfully defamed him. (Compl. 23). These allegations sufficiently allege conduct outside the scope of the Defendants' official duties and/or that the Defendants acted with an "intent to harm," so as to fall outside of the official capacity restrictions of the SCTCA. Moreover, the court notes that there is no evidence in the record - no affidavits, statements, or other evidence on this issue have been filed. Accordingly, Defendants are not entitled to dismissal of Plaintiff's defamation claim on the ground that it is barred by the SCTCA.

### B. Motion to Strike

Defendants have also filed a motion to strike Plaintiff's expert witness. (ECF No. 15). Pursuant to the Scheduling Order (ECF No. 7), by April 3, 2013, Plaintiff was "to file and serve a document identifying by full name, address, and telephone number each person whom plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed.R.Civ. P. 26(a)(2)(B) has been disclosed to other parties . . . " (ECF No. 7 ¶ 5). Rule 26(a)(2)(B) provides that an expert witness must be identified and provide a written report if he or she "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed.R.Civ. P. 26(a)(2)(B).

On April 3, 2012, Plaintiff designated Benny Webb as an expert. However, Plaintiff failed to produce a written report, a statement of the compensation paid to Webb, or a list of cases in which Webb has testified in the previous four years as required by Rule 26(a)(2)(B).

In his response opposing the motion, Plaintiff states that "[i]n his rush to file the Expert Designation, counsel forgot about filing [Webb's] affidavit." Plaintiff attached as an exhibit an

"expert witness opinion" written by Webb. However, Plaintiff still has not provided a statement regarding Webb's compensation or a list of cases in which Webb has testified in the previous four years.[2]

Generally, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial. Fed.R.Civ.P. 37(c).[3] Despite a failure to disclose the identity of a witness, a party may "[e]scape from the [Rule 37] sanction" if it shows "that the failure to disclose is substantially justified or harmless." Fed.R.Civ.P. 37(c)(1). In determining whether nondisclosure of a witness is substantially justified or harmless, courts should consider:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial: (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

In this case, these factors weigh heavily in favor of excluding Webb's opinion. In particular, the court finds that Plaintiff has not provided an adequate excuse or explanation for his delay in making the required disclosures. More importantly, however, the court finds that Webb's opinion is not proper for an expert. Webb opines that a "no probable cause existed to arrest [Plaintiff] on a charge of criminal domestic violence and that Deputy Hamilton of the Newberry County Sheriff's Department clearly violated his 4th, 8th, and 14th Amendment protections guaranteed by the United States Constitution." (ECF No. 20-1 at 3). However, "the issue of whether or not probable cause to arrest exists is a legal determination that is not properly

---

[2] In his response, Plaintiff also states that he "expects to obtain his expert's report and file it shortly" (ECF No. 20 at 1). However, no other report has been filed or brought to the court's attention.

[3] Additionally, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(iii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed.R.Civ.P. 16(f)(1).

the subject of expert opinion testimony." *Cameron v. City of New York*, 598 F.3d 50, 62 (2d. Cir. 2010)(internal citation and quotation marks omitted). As a general proposition, expert witnesses are "precluded from opining on the law governing the case." *Long v. Blair*, 2010 WL 1930219, at *2 (S.D. W.Va. 2010)(*citing Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366 (4th Cir. 1986)(affirming the exclusion of testimony by an expert witness which included legal conclusions)). Accordingly, the court grants Defendants' motion to strike this expert's opinion.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Strike (ECF No. 15) is **GRANTED** and Defendants' Motion for Summary Judgment (ECF NO. 16) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 28, 2013